UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

GURINDER JOHAL, personal representative of the
Estate of AMARJEET JOHAL, and DILJOT
SEKHON, personal representative of the Estate of
AMARJIT SEKHON, and JASPREET SEKHON,
personal representative of the Estate of JASVINDER
KAUR, and MARY "CAROL" WEISERT, personal
representative of the Estate of JOHN WEISERT, and
MATTHEW D. ALEXANDER as the Natural Parent
and Next Friend of KARLI SMITH, Deceased, and
JEFF BLACKWELL and TAMMI BLACKWELL as
Natural Parents and Next Friends of SAMARIA
BLACKWELL, deceased,

     Plaintiffs,

v.

AMERICAN TACTICAL, INC., ANTHONY
DICHARIO, JOSEPH CALABRO, SCHMEISSER
GMBH, and 365 PLUS d.o.o.,

     Defendants.

_____/

Civil Action: 6:23-cv-06382-EAW

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED APPLICATION FOR LEAVE TO VOLUNTARILY DISMISS CERTAIN CLAIMS WITHOUT PREJUDICE

     Plaintiffs, Jeff Blackwell and Tammi Blackwell as Natural Parents and Next Friends of Samaria Blackwell, deceased ("Movants"), by and through their undersigned counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and L. R. Civ. P. 41(a)(2)(A) hereby file this memorandum of law in support of [Movants'] Unopposed Application for Leave to Voluntarily Dismiss Certain Claims Without Prejudice. Movants respectfully request the Court grant Movants application for leave and enter an order dismissing Movants' claims from the Amended Complaint, without prejudice.

## I.      FACTS AND PROCEDURAL POSTURE

This case arises from a mass shooting that occurred on April 15, 2021. Compl. Dkt. 10. Movants alleged causes of action for negligence, wrongful death, public nuisance, and wrongful death-public nuisance in connection with the death of their daughter Samaria Blackwell. *Id.* at ¶¶ 477-540.

Defendants American Tactical, Inc., Anthony DiChario, and Joseph Calabro have been served with process (Dkts. 32, 39, 40) and their joint Motion to Dismiss Plaintiffs' Amended Complaint is pending before the Court (Dkt. 47).  Service on Defendants Schmeisser GmbH and 365Plus d.o.o., has not yet been perfected. *See* Dkt. 24 at 3-5.

## II.      ARGUMENT

Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff to voluntarily dismiss an action by "filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  But if the action to be dismissed was brought on behalf of a decedent's estate, Local Rule 41 requires the plaintiff to first obtain leave of Court. L. R. Civ. P. 41(a)(2)(A).  Movants Jeff Blackwell and Tammi Blackwell are the natural parents and next friends of decedent Samaria Blackwell.  Decl. J. Blackwell ¶ 3; Decl. T. Blackwell ¶ 3.  At the time of Samaria Blackwell's death, she was an unmarried 19-year-old and had no children. Decl. J. Blackwell ¶ 4; Decl. T. Blackwell ¶ 4.

"Although Federal Rule of Civil Procedure 41(a)(2) refers to dismissal of an 'action,' it may be used to dismiss less than the entire case." *Abbott v. Wyoming Co. Sheriff's Office*, 15-CV-00531 (EAW), 2020 WL 2468132, at *1 (W.D.N.Y. May 13, 2020) (citing *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005)). It is worth noting that the Second Circuit previously drew a distinction between the terms "action" and "claim" in the context of Rule 41 and held application of the Rule permitted dismissal of no less than the "entire controversy."

*Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir.1953). But the *Harvey* interpretation of "action" was widely criticized and prompted the Second Circuit to later disavow its interpretation. See *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n. 4 (2d Cir.1985). As a result, district courts in the Second Circuit, including the Western District of New York, have since declined to view it as binding, even though it has not been explicitly overruled. *See Abbott*, 2020 WL 2468132, at *1; *Mut. Benefit Life Ins. Co. v. Carol Mgt. Corp.*, 93 Civ. 7991(LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994); *Baksh v. Captain*, 99–CV–1806 (ILG), 2000 WL 33177209, at *2–3 (E.D.N.Y. Dec. 11, 2000).

A voluntary dismissal under Rule 41(a)(2) is **without** prejudice unless the order states otherwise.  Fed. R. Civ. P. 41(a)(2) (emphasis supplied).  While "[v]oluntary dismissal without prejudice is . . . not a matter of right," *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), it "[g]enerally . . . will be allowed 'if the defendant will not be prejudiced.'" *Riley v. United States*, 78 Fed.Appx. 774, 776 (2d Cir. 2003) (quoting *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001)).

In determining whether prejudice exists, the Second Circuit has recognized that "[t]wo lines of authority have developed under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first indicates a dismissal would be improper "if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Camilli*, 436 F.3d at 123. The Supreme Court explained a "plain legal prejudice" does not encompass every conceivable prejudice, but rather it occurs when a "plaintiff has allowed a cause to proceed so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and that he would be prejudiced by being remitted to a separate action." *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93–94 (1924); *see also Camilli*, 436 F.3d at 124 (holding defendant's inability to

bring a subsequent suit for malicious prosecution did not amount to a 'plain legal prejudice' under *Skinner & Eddy*).  The second line of authority indicates the test for dismissal without prejudice involves consideration of factors known as the *Zagano* factors, which include: (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on the plaintiff's part; (3) the extent to which the suit has progressed. . . ; (4) the duplicative expense of relitigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230; *see also Zagano*, 900 F.2d at 14.  Ultimately, "Rule 41(a)(2) dismissals are at the district court's discretion and will only be reviewed for an abuse of that discretion." *Paysys Int'l, Inc. v. Atos IT Services Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018).

Movants seek leave of Court to voluntarily dismiss their claims set forth in Causes of Action 21–24 in the Amended Complaint. Dkt. 10 ¶¶ 477-540; Decl. J. Blackwell ¶ 6; Decl. T. Blackwell ¶ 6.  A dismissal without prejudice at the pre-answer stage of litigation will not prejudice Defendants as Defendants have not yet expended significant time or resources in defending the claims.  *See Camilli*, 436 F.3d at 123. Further, Movants, through counsel, conferred with Defendants American Tactical, Inc., Anthony DiChario, and Joseph Calabro and Defendants do *not* oppose voluntary dismissal of Movants claims without prejudice.

Finally, following *Wakefield*, dismissal of the Movants' claims does not require dismissal of the entire action. 769 F.2d at 114 n. 4.

## III.   CONCLUSION

For the reasons set forth above, Movants respectfully request this Court invoke its discretionary authority to grant Movants application for leave of Court and enter an order dismissing their claims from the Amended Complaint without prejudice.

Respectfully submitted this 9th day of January, 2024.

*/s/Hadley E. Lunkback, Esq.*
Hadley E. Lundback, Esq.
WDNY Bar No. 437785
Kathryn Lee Bruns, Esq.
WDNY Bar No. 2874063
Faraci Lange
1882 South Winston Rd., Ste. 1
Rochester, NY 14618
hadley@faraci.com
kbruns@faraci.com

Daniel S. Chamberlain, Esq.
(Admitted *pro hac vice* 9/06/2023)
Cohen & Malad, LLP
One Indiana Square, #1400
Indianapolis, IN 46204
Ph.: 317-636-6481
Fax: 317-636-2593
dchamberlain@cohenandmalad.com

Melvin L. Hewitt, Esq.
(Admitted *pro hac vice* 10/05/2023)
Isenberg & Hewitt, PC
600 Embassy Row, #150
Atlanta, GA 30328
mel@isenberg-hewitt.com

*Counsel for Plaintiffs*